AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania  ▾

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 5:25 mj 0041 |
| Daniel Reed | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___January 2023 to December 2024___ in the county of ___Juniata___ in the ___Middle___ District of ___Pennsylvania___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2251(a), (e) | Attempted Production of Child Pornography |
| 18 U.S.C. § 2252(a) | Production of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

This criminal complaint is based on these facts:

I, Thomas Harris, a Special Agent with the Federal Bureau of Investigation, Philadelphia Division, being duly sworn, depose and state the following:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Thomas Harris, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___7/16/25___

_____
*Judge's signature*

City and state: ___Wilkes Barre, Pennsylvania___     Leo A. Latella U.S. Magistrate Judge
*Printed name and title*

# CONTINUATION PAGES FOR CRIMINAL COMPLAINT

## INTRODUCTION

1.    I am a Special Agent with the Federal Bureau of Investigation and have been since July 2019. I am currently assigned to the Philadelphia Division, State College Resident Agency.  Before joining the FBI, I was an Officer in the United States Air Force, serving in the United States Special Operations Command.

2.    As a Special Agent with the FBI, I investigate federal crimes, including crimes against children.  I have experience in the investigation, apprehension, and prosecution of individuals involved in those crimes. Moreover, as an FBI agent, I am charged with enforcing the laws of the United States of America, and I possess the authority to make arrests for offenses enumerated in Titles 18 and 21 of the United States Code.

3.    The averments herein are based on, among other things: my training and experience; my personal knowledge; interviews of witnesses; my review of documents, files, and records; public records; and, conversations with other law enforcement agents and officers.

4.    The averments herein are for the limited purpose of establishing probable cause in support of a criminal complaint against and arrest warrant for Daniel REED, for violations of 18 U.S.C. §§ 2251(a), (e) (Attempted / Production of Child Pornography) and 2252A(a)(5)(B) (Possession of Child Pornography).  I do not set forth all details or facts about the investigation.

## PROBABLE CAUSE

5.    On or about January 15, 2025, Pennsylvania State Police Trooper Chad Snook was dispatched to the Central Pennsylvania Youth Ministries facility in Juniata County, Pennsylvania, within the Middle District of Pennsylvania.  The facility hosted children between 10 and 18 years old.

6.    Upon arriving at the facility, Trooper Snook was directed to the second floor where he met with the Youth Ministries' Executive Director, Shirey Little.

7.      According to Little, on or about December 6, 2024, the Youth Ministries fired their Assistant Director, Daniel REED, after receiving a report from an adult female who said that she was "groomed" into a sexual relationship with REED when the female was between 14 and 17 years old.

8.      A few weeks later, on or about January 14, 2025, a member of the Youth Ministries' staff, Justin Berkheimer, found a "peep hole" in the second-floor hallway closet, looking into a bathroom also on the second floor.

9.      The second-floor bathroom was the only one in the facility with a shower.  It was constructed in or around early 2023.  And REED had encouraged that bathroom to be built.

10.     In the same second-floor bathroom, Trooper Snook saw a 12" x 12" mirror on the wall to the right of the sink, facing in the direction of the shower.  The mirror was approximately five – six feet from the shower.  A utility closet that could be accessed from the same hallway as the restroom was behind the mirror.

11.    Inside the utility closet, Trooper Snook saw a small cutout in the dry wall, approximately 2" x 3".  The cutout exposed the back side of the 12" x 12" mirror in the bathroom that turned out to be a two-way mirror; thus, from the utility closet, Trooper Snook could see the toilet and shower in the bathroom.

12.    Trooper Snook also saw an unsecured outlet box hanging from the ceiling in the utility closet.  Coupled with the size of the "peep hole," it appeared to Trooper Snook that the outlet box could have been used to provide power to a small camera or recording device.

13.    Little told Trooper Snook that the utility closet was always locked and did not know why; he did not have a key to the utility closet and did not know where a key would be; and the upstairs of the facility, where the bathroom and closet were located, were within REED's primary domain as head of the youth program.  Indeed, REED had an office directly across from the bathroom and beside the utility closet.  And inside the desk that REED had used, Trooper Snook found a key that unlocked the utility closet.

14.     On the day that REED was fired, Little asked if he could look through REED's laptop and for the login information for the security system at the facility.  REED refused both requests.

15.     Trooper Snook additionally interviewed Berkheimer.  Among other things, Berkheimer told Trooper Snook that about a year and a half earlier, he found a wall-plugin camera plugged into an outlet in the second-floor bathroom. When Berkheimer approached REED about the camera, REED denied knowledge of it. The next day, however, REED asked Berkheimer if they could speak. When they spoke, REED told Berkheimer it was his camera, and he had it in his office because he was concerned that people were going in there. REED proceeded to tell Berkheimer that someone must have removed the camera and plugged it into the bathroom, thinking it was a phone charger.

16.     On or about January 17, 2025, law enforcement executed a search warrant at REED's residence in Juniata County, Pennsylvania, and seized an iPhone from REED, two computer towers, a hard drive, 13 thumb drives, a Samsung tablet, two cameras, two Apple Macbooks, an iPad, and Apple charging cord.

17.    On or about July 3, 2025, law enforcement received forensic downloads from those electronic devices.

18.    REED's iPhone contained internet searches for "hidden cameras," "hidden smoke detector camera," "outlet hidden camera," "showerhead hidden camera," "gfci outlet hidden camera," "banging my wife on hidden camera," "Can manufacturers view my footage when on Wifi," "wall outlet surge protective spy camera," "phone charger camera," "spying nude women bathroom vanity camera," "is my wifi camera footage safe," "hidden camera sex convention," "I teen babysitter hidden camera," "nude blackmail sex on camera," and "camera behind mirror."

19.    REED's iPhone also contained a text message dated May 30, 2023, that was sent from REED's phone to a group that included two 16-year-old minor females.  The message read: "Just don't forget to bring a change of clothes so ya don't stink like a river all night . . . we have showers at our house and the center.  Cya at the center!"

20.     On one of the hard drives seized from REED's residence, Trooper Snook further saw multiple images of different females in a state of nudity, in the second-floor bathroom at the youth ministries facility. The images included nude depictions of the two 16-year-old minor females on the above-referenced group text. Those images were dated May 30, 2023. As well, Trooper snook saw images from other bathrooms and bedrooms. All the images appeared to have been taken from a hidden camera.

21.     I also reviewed the images from the hard drive seized from REED's residence. They included the following:

- 5c3f282e44dd38f5.jpg – Identified minor female exiting shower with exposed breasts and vagina;

- 67fe61f4ee39da62.jpg – Identified minor female exiting shower with exposed breasts and vagina;

- 23163f3fd9644390.jpg – Identified minor female taking off shirt exposing breast and vagina;

- 02751401ba83f9f9.jpg – Identified minor female exiting shower with exposed breasts and vagina;

- b2dd9fbbcea6ee27.jpg – Identified minor female taking off shirt with exposed breast and vagina;

- be4ee802b5ebb14d.jpg – Identified minor female taking off shirt with exposed breast and vagina; and,

- d728163fb51987f8.jpg – Identified minor female exiting shower with exposed breasts and vagina.

These images were still images that appeared to have been cropped and edited.

## Request

22.    Based on the above factual averments, probable cause exists that REED has violated 18 U.S.C. §§ 2251(a), (e) (Attempted / Production of Child Pornography) and 2252A(a)(5)(B) (Possession of Child Pornography).

23.    I therefore apply for a criminal complaint against, and an arrest warrant for, Daniel REED.

24.    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.